FILED
2015 Jul-17  AM 09:46
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| MATT MCKEE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT AND DEMAND FOR** |
| INGRAM LAW OFFICES, LLC, | ) | **JURY TRIAL** |
| | ) | |
| Defendant. | ) | |

## NATURE OF ACTION

1.      This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4.      Plaintiff Matt McKee ("Plaintiff") is a natural person who at all relevant times resided in the State of Alabama, County of Marshall, and City of

Albertville.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant Ingram Law Offices, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9.     Plaintiff's obligation, or alleged obligation, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes— namely, personal medical services (the "Debt").

10.    Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11.    Marshall County Health Care Authority, through counsel, obtained a default judgment against Plaintiff in 2004.

12.     On July 18, 2014, the state court issued an order granting the withdrawal of Marshall County Health Care Authority's counsel.

13.     On or about July 22, 2014, Defendant, by and through attorney Angie Ingram, filed a notice of appearance on behalf of Marshall County Health Care Authority.

14.     Plaintiff thereafter received a copy of Defendant's notice of appearance.

15.     The notice of appearance was Defendant's initial communication with Plaintiff with respect to the Debt.

16.     The notice of appearance failed to state that Defendant was a debt collector attempting to collect a debt or that any information obtained would be used for that purpose.

17.     On or about July 29, 2014, Defendant filed a motion to revive judgment.

18.     Plaintiff thereafter received a copy of Defendant's motion to revive judgment.

19.     The motion to revive judgment also failed to state that Defendant was a debt collector attempting to collect a debt or that any information obtained would be used for that purpose.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(11)

20.    Plaintiff repeats and re-alleges each and every factual allegation above.

21.    Defendant violated 15 U.S.C. § 1692e(11) by failing to state in the initial communication with Plaintiff with respect to the Debt that it was attempting to collect a debt and that any information obtained would be used for that purpose.

22.    Defendant violated 15 U.S.C. § 1692e(11) by failing to state in subsequent communications with Plaintiff with respect to the Debt that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and

proper.

## TRIAL BY JURY

23.    Plaintiff is entitled to and hereby demands a trial by jury.

Dated: July 16, 2015.                    Respectfully submitted,

s/Davis L. Middlemas
Davis L. Middlemas (ASB-2103-E63D)
Davis L. Middlemas, Attorney at Law LLC
P.O. Box 590041
Birmingham, AL 35259
(205) 380-0737
(205) 879-9181 facsimile
dmiddlemas@consumerlawinfo.com
Attorney for Matt McKee

### *Co-counsel with Thompson Consumer Law Group, PLLC*

5235 E. Southern Ave., D106-618
Mesa, AZ 85206