IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MATT MCKEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 4:15-CV-1201-VEH |
| | ) |
| INGRAM LAW OFFICE, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter requires this court to determine whether two documents at issue are "communications with a consumer" and, if so, are they "formal pleadings" such that they are exempt from the otherwise applicable provisions of 15 U.S.C. §§ 1692e(11) and 1692g(a). For the reasons explained below, the court finds that the answer to both questions is, "Yes." Accordingly, Plaintiff's motion for judgment on the pleadings will be denied. Further, Plaintiff will be required to show cause why judgment should not be entered in favor of Defendant.

### INTRODUCTION AND UNDISPUTED FACTS[1]

Plaintiff has sued Defendant for allegedly violating two provisions of the Fair

---

[1] This court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331. The parties do not dispute venue or personal jurisdiction, and there are adequate allegations in Plaintiff's First Amended Complaint to support both.

Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692 - 1693r: specifically, Sections 1692(e)(11) and 1692g(a). The undisputed factual basis for Plaintiff's claims are as follows.

1. Plaintiff is a "consumer" as defined in the FDCPA.

2. Defendant is a "debt collector" as defined in the FDCPA.

3. The debt sought to be collected is a consumer debt.

4. In 2004, Marshall County Health Authority (the "Authority") obtained a default judgment (the "Judgment") in the amount of $3,010.76 plus court costs against Plaintiff in the District Court of Marshall County, Alabama, Case No. DV 04 200110 (the "State Court Case").[2]

5. On July 22, 2014, Defendant, which is a law firm, filed in the State Court Case a notice of appearance (the "Notice") on behalf the Authority. The Notice states that it was mailed to the Plaintiff on July 16, 2014. It was received by the Plaintiff.

6. On July 29, 2014, Defendant filed in the State Court Case a motion to

---

[2] Although not all of these facts are alleged in the First Amended Complaint, the additional facts are found in state court pleadings attached to Plaintiff's Motion. These state court pleadings are central to Plaintiff's claims and their authenticity has not been challenged. Further, this court may take judicial notice of these pleadings. *See U.S. ex. rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 (11th Cir. 2015)("[A] district court may consider an extrinsic document ... if it is (1) central to the plaintiff's claim, and its authenticity is not challenged. In addition, a district court may consider judicially noticed documents.")(internal citations omitted).

revive judgment (the "Revival Motion"), seeking to revive the Judgment. The Revival Motion states that it was mailed to the Plaintiff on July 3, 2014. It was received by the Plaintiff after the Plaintiff received the Notice.

7. Neither the Notice nor the Revival Motion stated the Defendant was a debt collector attempting to collect a debt or that any information obtained would be used for that purpose. The Plaintiff alleges that these omissions violated Section 1692(e)(11) of the FDCPA.

8. The Notice did not contain the notices required by Section 1692(g)(a) nor did the Defendant provide such notices in writing within five days after the Plaintiff received the Notice. The Plaintiff alleges that these omissions violated Section 1692g(a) of the FDCPA.

Now pending before the court is the Plaintiff's Motion for Judgment on the Pleadings (the "Motion").[3]

## JUDGMENT ON THE PLEADINGS STANDARD

"Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Scott v.*

---

[3] Defendant has responded to the Motion and the time for Plaintiff to reply has expired. Therefore, the Motion is under submission.

*Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005). All facts alleged in the complaint must be viewed in the light most favorable to the nonmoving party. *Id*.

## ANALYSIS

The only issues presented for decision are questions of law. Those questions (as posed by the Defendant in resisting the motion) are: (1) Is the Notice and/or the Revival Motion a "communication" with a consumer within the meaning of the FDCPA? and (2) Is the Notice and/or the Revival Motion a "formal pleading" and therefore exempt from the provisions of Sections 1692e(11) and/or 1692g(a)?

### I. The FDCPA

The stated purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promise consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "The FDCPA is a remedial statute, and its provisions are to be liberally construed in favor of consumer debtors." *Bandy v. Midland Funding LLC*, 2013 WL 210730, *5 (S.D.Ala. Jan. 18, 2013)(citing *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir.2002) and *Mammen v. Bronson & Migliaccio, LLP*, 715 F.Supp.2d 1210, 1213 (M.D.Fla.2009)).

## II. The Provisions at Issue

It is a violation of Section 1692e(11) for a debt collector to

"fail[] to disclose in the initial written communication with the consumer ... that the debt collector is attempting to collect a debt and that any information disclosed will be used for that purpose, and ... [to] fail[] to disclose in the subsequent communications ... that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11).

Section 1692g(a) provides:

> **(a) Notice of debt; contents**
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–
>
> **(1)** the amount of the debt;
>
> **(2)** the name of the creditor to whom the debt is owed;
>
> **(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> **(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or

>   judgment will be mailed to the consumer by the debt
>   collector; and
>
>   **(5)** a statement that, upon the consumer's written
>   request within the thirty-day period, the debt collector will
>   provide the consumer with the name and address of the
>   original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

It is undisputed that neither the Notice nor the Revival Motion complied with Section 1692e(11) or 1692g(a). Thus, if either the Notice or the Revival Motion is a "communication" or is not exempted because it is a "formal pleading", the Plaintiff is entitled to judgment on the pleadings. Alternatively, if neither is a "communication", or if either or both are exempted, then the Plaintiff is not entitled to judgment on the pleadings, and it appears that the Defendant is entitled to judgment on the pleadings.

### III. The Notice and the Revival Motion Are "Communications with a Consumer"

The Defendant asserts that neither the Notice nor the Revival Motion is a "communication[] *with a consumer*" (emphasis in original) because they are "court documents served in accordance with procedural rules." The Defendant argues that they were not made "directly with [Plaintiff]" (emphasis in original) and that no communications took place beyond the Notice and the Revival Motion. The first

argument is squarely foreclosed by Supreme Court and binding Eleventh Circuit authority. The second argument is a red herring, as the Plaintiff has not alleged any claims based on non-existent communications.

The law is clear that attorneys' litigation activities fall within the purview of "debt collection activities" as contemplated by the FDCPA. The Supreme Court has held that "[t]he Act does apply to lawyers engaged in litigation." *Heintz v. Jenkins*, 514 U.S. 291, 294, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995). Furthermore, the Eleventh Circuit recognized the *Heintz* holding and noted in *LeBlanc v. Unifund CCR Partners, et al.*, 601 F.3d 1185, 1193 n.15 (11th Cir. 2010) that "the Supreme Court has held that initiation of legal proceedings by a creditor can constitute a debt collection activity."

The Eleventh Circuit has directly recognized that communications to a court constitute "communications to a consumer" as contemplated by the FDCPA. In *Miljkovic v. Shafritz and Dinkin, P.A.*, 791 F.3d 1291 (11th Cir. 2015), that Court held, as a matter of first impression, that documents filed with a court are communications which are governed by the FDCPA. The Court stated: "Interpreting the FDCPA to permit otherwise prohibited conduct merely because it is directed at a consumer's attorney *or takes the form of a procedural filing* would not only subvert the plain text of the Act, it would also frustrate the Act's stated objectives." *Id*. at

1303. (emphasis added). The court further added, "Had Congress intended to restrict application of the FDCPA to conduct directed only to the consumer or to exempt certain procedural filings from its provisos, it presumably would have done so expressly, *see, e.g.* §§ 1692c(d), 1692e(11), but it did not draft the statute that way." *Id*. at 1304. Consistent with the Eleventh Circuit's holding in *Miljkovic*, this court concludes that both the Notice and the Revival Motion are procedural filings each of which constitutes a "communication with a consumer" as contemplated by the FDCPA.

### IV. The Notice and the Revival Motion Are Exempt "Formal Pleadings"

Unlike the cases discussed by the Plaintiff and the Defendant, in this lawsuit, the Plaintiff has asserted only claims which Congress has held do not apply to communications that are "formal pleadings." Thus, if the Notice and the Revival Motion each is a formal pleading, not only is the Plaintiff not entitled to judgment on the pleadings, the Defendant is so entitled.

This court declines to limit Congress' choice of the words "formal pleading" to those documents delineated as such in the Alabama (or Federal) Rules of Civil Procedure. The *Heintz* Court recognized that an "apparent objective" of the FDCPA is the preservation of creditors' judicial remedies. *See Heintz*, 514 U.S. at 296, 115 S.Ct. at 1492. In *Miljkovic*, the Eleventh Circuit held that court filings that are

8

"purely procedural" fall within the ambit of the FDCPA. In rejecting appellees' argument to the contrary, that Court explicated both the *Heintz* decision and the plain text of the FDCPA. That explication is set out in relevant part below.

> In *Heintz v. Jenkins*, the Supreme Court expressly held that the FDCPA "applies to the litigating activities of [debt-collector] lawyers." In *Heintz*, a bank's law firm brought a collections action against a consumer, Darlene Jenkins, to recover on an automobile loan. A lawyer for the bank, George Heintz, sent Jenkins's lawyer a letter in an attempt to settle the suit. Jenkins claimed the letter included a false statement of the amount she owed to the bank. She sued Heintz and his law firm under the FDCPA. The district court dismissed Jenkins's action for failure to state a claim on the grounds that the FDCPA did not apply to "lawyers engaging in litigation." The Seventh Circuit reversed, and the Supreme Court affirmed, holding that "[t]he Act does apply to lawyers engaged in litigation."
>
> The Supreme Court's holding aligned with the FDCPA's definition of "debt collector." "In ordinary English," the Court reasoned, "a lawyer who regularly tries to obtain payment of consumer debts through legal proceedings is a lawyer who regularly 'attempts' to 'collect' those consumer debts." A prior version of the FDCPA "contained an express exemption for lawyers," which stated that "the term 'debt collector' did not include 'any attorney-at-law collecting a debt as an attorney on behalf of and in the name of a client.'" However, Congress later "repealed this exemption in its entirety, without creating a narrower, litigation-related, exemption to fill the void"—a choice the Court found significant. Taking stock of Congress's action, the Court theorized that Congress must have "intended that lawyers be subject to the Act whenever they meet the general 'debt collector' definition."
>
> Heintz asked the Court to *imply* an "exemption for those debt-collecting activities of lawyers that consist of litigating," but the Court would not oblige. For one thing, the Court did not view its

holding as limiting an attorney's ability to advance the interests of his client. It pointed to a number of exceptions in the text of the FDCPA "authoriz[ing] the actual invocation of the remedy that the collector 'intends to invoke'" in accord with the Act's "apparent objective of preserving creditors' judicial remedies." For another thing, the Court found "nothing either in the Act or elsewhere indicating that Congress intended ... to create [such an] exception from the Act's coverage—an exception that ... falls outside the range of reasonable interpretations of the Act's express language." Under *Heintz*, then, the FDCPA  *1299 unquestionably applies to the litigating activities of lawyers who regularly engage in debt collection—and to Appellees' conduct before the state court.

A post-*Heintz* amendment to the FDCPA further confirms that the Act applies here. After *Heintz* was handed down, Congress amended 15 U.S.C. § 1692e(11) of the Act, which prohibits initial written communications to the consumer that fail to disclose that they are from a debt collector, to exclude formal pleadings "made in connection with a legal action" from the requirements of that subsection. In so doing, Congress expressly exempted formal pleadings—and formal pleadings alone—from a "sole, particularized requirement of the FDCPA." After Congress's amendment, debt-collector attorneys who file a complaint or respond to a complaint need not state that such pleadings are filed by a debt collector. Congress did not otherwise constrain the Act's general applicability to lawyers using litigation to collect debts.

We presume that, in amending a statute, Congress has knowledge of prior judicial interpretation of the statute. That Congress exempted formal pleadings from a single requirement of the FDCPA after the Supreme Court issued its decision in *Heintz* suggests that Congress was aware of the Court having interpreted the Act to apply to the litigating activities of debt-collector attorneys "and accepted it," except to the extent that it exempted formal pleadings from § 1692e(11)'s requirements. If Congress had intended to exempt all litigating activities or any one litigating activity from the Act's other provisions, "it presumably would have done so expressly," as it did in

> § 1692e(11). Instead, Congress has effectively instructed that all litigating activities of debt-collecting attorneys are subject to the FDCPA, except to the limited extent formal pleadings are exempt under § 1692e(11). Here, an implied exemption from the FDCPA's coverage for Appellees' sworn reply would "fall[ ] outside the range of reasonable interpretations of the Act's express language." Both the clear language chosen by Congress and the Supreme Court's explicit pronouncement in *Heintz* compel the conclusion that the FDCPA applies to all litigating activities of debt-collecting attorneys, subject only to § 1692e(11)'s express exemption. *1300 The Act thus encompasses actions undertaken by Appellees, both in and out of state court, in collecting on Appellant's debt.

*Miljkovic* 791 F.3d at 1298–300 (internal citations and parentheticals omitted)(emphasis in original).

Although the *Miljkovic* decision only referenced the express statutory exemption for "formal pleadings" found in Section 1692e(11), this court takes judicial notice that the exact same exemption exists with regard to the Plaintiff's claim under Section 1692g(a). *See* 15 U.S.C. §1692g(d)("A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a) of this section.")

## CONCLUSION

Both the Notice and the Revival Motion constitute a "communication with a consumer" as contemplated by the FDCPA. Bot are also formal pleadings, and Plaintiff has only asserted claims under §§ 1692e(11) and 1692g(a), which expressly

11

exempt formal pleadings from their requirements. Therefore, Plaintiff's Motion for Judgment on the Pleadings is hereby **DENIED**. Further, Plaintiff is hereby **ORDERED** to **SHOW CAUSE**, no later than 21 days from the entry date of this opinion, why final judgment should not be entered in favor of Defendant Ingram Law Offices, LLC.

    **DONE** and **ORDERED** this 24th day of October, 2016.

                                              **VIRGINIA EMERSON HOPKINS**
                                              United States District Judge