# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **MATT MCKEE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Case No.: 4:15-CV-1201-VEH** |
| | ) |
| **INGRAM LAW OFFICES, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## FINAL JUDGMENT ORDER

On October 24, 2016, the court denied Plaintiff's Motion for Judgment on the Pleadings and ordered the Plaintiff to show cause within 21 days why Final Judgment should not be entered in favor of the Defendant. (Doc. 28). That deadline has now passed, and Plaintiff has failed to respond to the court's Show Cause Order.

Under the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Further, case law reinforces that, as a result of Plaintiff's failure to even attempt to comply with the show cause order or otherwise indicate an intent that he still wishes to pursue claims against Defendant, the court possesses the inherent power to dismiss his case *sua sponte*. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734

(1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *see also Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." (citing *Link,* 370 U.S. at 630-31, 82 S. Ct. at 1388-89)); *cf.* FED. R. CIV. P. 1 ("[These rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.") (emphasis added).

"While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (emphasis added) (citing *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982)). Here, by virtue of the court's show cause order, Plaintiff was put on notice that the court was considering whether to dismiss his claims against Defendant. Nonetheless, Plaintiff ignored that warning and filed nothing with the court.

In accordance with Rule 58 of the Federal Rules of Civil Procedure and the Memorandum Opinion and Order entered on October 24, 2016 (doc. 28), this

dismissal of Plaintiff's claims is proper on the merits and accordingly will be with prejudice. It is **ORDERED**, **ADJUDGED** and **DECREED** that **FINAL JUDGMENT** is hereby **ENTERED** in favor of defendant Ingram Law Offices, LLC, and this action is hereby **DISMISSED WITH PREJUDICE**, costs taxed as paid.

**DONE** this the 15th day of November, 2016.

                                                **VIRGINIA EMERSON HOPKINS**
                                                United States District Judge